Osborne *v.* The People.

Supreme Court. Essex General Term, July, 1855. *C. L. Allen, Bockes* and *James,* Justices.

Obadiah Osborne pl'ff in error *vs.* The People def'ts in error.

On a trial for burglary, it is no valid objection to evidence tending to characterize the burglarious intent of the acts charged, that the circumstances offered to be proved, would, upon the trial of another and distinct offence, tend to convict the prisoner of such latter charge; but the intent with which the prisoner entered may be determined by proof of circumstances tending to show a felony committed in an adjoining store.

Writ of error to the Saratoga county Sessions. The plaintiff in error was indicted with two others for burglary, in breaking and entering the grocery of one Hall in the night time with intent, &c. He was tried on the indictment at the Saratoga Sessions held in March last, and convicted.

The grocery of Hall, together with the shoe store of one Van Epps, were in the same building, each having a separate front door, and in no wise connected except that in the rear there was a passage way common to both. On the trial Van Epps was sworn as a witness, and during his examination was asked if he missed any boots from his store on the night of the alleged burglary. The question was objected to by the counsel for the prisoner, as irrelevant and improper. The objection was over-

ruled and the prisoner excepted. The witness answered: "I am certain I missed two pairs of boots, if not more; they were missing next morning; I saw them afterwards." The counsel for prisoner objected to the witness stating where he saw said boots " as irrelevant and improper evidence; that if the boots were taken on the night in question and subsequently found at a place that might lead the jury to believe the prisoner took them, it was not legal and proper evidence on the trial of this indictment." The court overruled the objection, and the prisoner excepted. The witness answered: "I saw those boots the next day at the house of the father of prisoner; they were pulled from under the buttery floor." It further appeared in evidence that the prisoner at the time lived at home with his father, and was seen to enter his father's house about twelve o'clock on the night in question, procure a light, enter the buttery, remain a short time and retire. It also further appeared that the entrance to the grocery was effected by the prisoner and his associates by first entering the shop of Van Epps, passing through the same into the common passage way and from thence through a window into the grocery.

*D. Wright,* for the plaintiff in error.

*W. T. Odell,* (Dist. Att'y,) for the defendants in error.

*By the Court,* JAMES, J.—The counsel for the prisoner insists that the Court of Sessions erred in allowing, as evidence to characterize the intent of the acts charged as burglary in this indictment, proof of circumstances which upon a trial for another and distinct offence would tend to convict the prisoner of such latter charge; or in other words, that the intent with which the prisoner entered the grocery of Hall, should not be determined by proof of circumstances tending to show a felony committed in the store of Van Epps.

It is not to be disputed, that as a general rule both in civil and criminal cases, the evidence should be confined to the point in issue; and Phillips, in his treatise on evidence say: " In

Osborne *v.* The People.

criminal proceedings the necessity for strictly enforcing this
rule is stronger than in civil cases, for when a prisoner is
charged with an offence it is of the utmost importance to him
that the facts laid before the jury should consist exclusively
of the transaction which forms the subject of the indictment,
which alone he can be expected to come prepared to answer."
(1 *Phil. Ev.* 178.)   Under this rule it would not be competent
for the prosecution on the trial of a prisoner for an offence to
give in evidence facts or circumstances tending to show the
commission of another separate and distinct felony, for the
purpose of raising an inference that the prisoner was guilty of
the crime for which he was on trial." (*Ros. Cr. Ev.* 73.)   But
to this general rule there are many exceptions.   For the pur-
pose of identifying the person charged as the criminal, the pro-
secution has been allowed to show that other goods than those
mentioned in the indictment, upon an adjoining part of the
premises were stolen the same night, and afterwards found in
the prisoner's possession.   So where a man committed three
burglaries in one night, and stole a shirt at one place and left
it at another, they were all so connected that the court heard
the history of the three burglaries. (2 *Leach,* 285.)   And all
facts upon which any reasonable presumption or inference can
be founded as to the truth or falsity of the issue, are admissible
in evidence. (6 *Verm.* 496; 2 *Gill & John.* 267.)   Still facts
and circumstances, tending to establish a separate and distinct
felony from the one charged in the indictment on trial, are not
within the exception to the above mentioned general rule, un-
less so connected as to form a part of the same general trans-
action.   Of such character were the facts and circumstances
objected and admitted in evidence on the trial of this case.
The acts of the prisoner and his associates while in the grocery
of Hall, rendered it somewhat doubtful whether the entry was
a burglary or a trespass; hence the necessity of proof to
show the intent.   The entry of store and grocery must be re-
garded as one connected transaction; and therefore proof of
any facts and circumstancess tending to show the prisoner

guilty of larceny in the store of Van Epps on that occasion, was proper evidence to go to the jury to characterize the intent with which the prisoner broke and entered the grocery for which he stood indicted.

The ruling of the Court of Sessions was correct and a new trial is denied.

---

SUPREME COURT.   St. Lawrence General Term, September, 1855.   *C. L. Allen, Bockes* and *James,* Justices.