COLEMAN, plaintiff in error, v. PEOPLE.

*Criminal evidence — other transactions to prove guilty knowledge — declarations of prisoner. Error not affecting result.*

On the trial of an indictment for receiving from two persons named, five bars of pig-iron stolen by them from B. & Co., knowing that they had been stolen, evidence of other transactions with persons other than those named, amounting to distinct offenses, was admitted for the purpose of proving guilty knowledge on the part of the prisoner, and was confined to purchases of pig-iron by him from confederates of the persons named. *Held,* no error.

On the trial of an indictment, the prosecution was permitted to give evidence of declarations of the prisoner respecting collateral facts bearing more or less directly upon the question in controversy, and then to prove such declarations untrue. *Held,* no error.

The rule against allowing a contradiction of evidence upon collateral matters, by the party giving it, is confined to the testimony of witnesses, and does not embrace the declarations of parties.

Where the result would have been the same, had certain evidence been excluded, the admission of it, even if erroneous, will not justify the reversal of a conviction.

ERROR to the court of sessions of Monroe county, to reverse a conviction of Stephen Coleman for receiving stolen goods, knowing them to have been stolen.

The facts, and the questions arising thereon, are stated in the opinion.

*J. M. Davy* and *J. C. Cochrane*, for plaintiff in error.

*Geo. Raines*, district attorney, for the people.

GILBERT, J. The prisoner was convicted of having received from two boys, named Dennis and Charles Connors, five bars of pig-iron, stolen by them from Burke & Co., knowing that they had been stolen. His guilt was clearly established, and no honest jury could have failed to convict him. It is now sought to reverse the conviction on several grounds: First, it is objected that evidence of other transactions, with other persons than the two boys mentioned, amounting to distinct offenses, was received. This evidence was admitted for the purpose of proving guilty knowledge on the part of the prisoner, and was confined to purchases of pig-iron by the prisoner from confederates of the Connors boys. These purchases were so connected with the act charged in the indictment as with it to form a chain of facts constituting together a single course of business. Evidence of this kind, illustrative of the *scienter*, has often been admitted, and, in many cases, is indispensable to the attainment of justice. The general rule, no doubt, is that evidence must be confined to the issue. But the evidence objected to within proper limits is no infringement of the rule; for it bears directly upon the main point to be determined, namely: the knowledge of the prisoner that the property charged in the indictment had been stolen. We think the admissibility of such evidence in a case like the present is fully sustained by authority. 2 Russ. on Crimes, 777; 1 Greenl. Ev., § 53; Wheat. Cr. Law (7th ed.), §§ 188-9, 631, 647; *Osborne* v. *People*, 2 Park. Cr. 583; *People* v. *Wood*, 3 id. 681.

The prosecution was also permitted to give evidence of declarations of the prisoner respecting collateral facts bearing more or less directly upon the question in controversy, and then to prove such declarations untrue. We do not perceive any fatal error in this. It bore somewhat on the guilty knowledge of the prisoner, and, therefore, was not wholly irrelevant or immaterial. Nor did the admission of it violate the rule against allowing a contradiction of evidence upon collateral matters by the party giving it. That rule is confined to the testimony of witnesses, and does not embrace the declarations of parties. Several other exceptions to the admission of evidence were taken, but they are too unimportant to require comment. We are satisfied the result would have been the same if the evidence last referred to had been excluded; and, therefore, the admission of it, even if erroneous, would not justify a reversal of the conviction. *People* v. *Gonzalez*, 35 N. Y. 49–59; *Vandevoort* v. *Gould*, 36 id. 639, 644.

The request made to the court to charge the jury that the prosecution was confined to the larceny of the five bars of pig-iron, March 11th, and that, as there was no proof that the Connors were engaged in it, the jury were bound to acquit, was too broad. The court could not properly be required to charge that there was no proof that Dennis and Charles Connors were engaged in that larceny, or that the jury were bound to acquit. The request, therefore, was properly refused. We are satisfied that the defendant was legally and justly convicted, and that the judgment should be affirmed.

*Conviction affirmed.*