THE PEOPLE v. AUGUSTUS HENSSLER.

*Obtaining indorsement by false pretenses—Weight of evidence—New trial for unjust verdict—Review of evidence by appellate court—Intent shown by previous acts—Amendment of information by assistant prosecuting attorney.*

The weight of conflicting evidence is for the jury in criminal as well as in civil cases.

If a trial court thinks that a verdict is not in accordance with the evidence, and does injustice, it can correct the jury's error by granting a new trial.

The Supreme Court cannot review the evidence in a criminal case for the purpose of correcting an error of the jury. It can only interpose when there is a total want of evidence on some essential point, and then only to correct the error of law committed by the trial court in

| | |
|---|---|
| 48 | 49 |
| 70 | 238 |
| 48 | 49 |
| 74 | 42 |
| 48 | 49 |
| 76 | 417 |
| 48 | 49 |
| 106 | 487 |
| 48 | 49 |
| 107 | 362 |
| 48 | 49 |
| 115 | 542 |
| 48 | 49 |
| 122 | 283 |
| 48 | 49 |
| s11NW | 804 |
| d129 | 5101 |
| d129 | 6101 |
| 48 | 49 |
| 136 | 1148 |
| 48 | 49 |
| 137 | 5 94 |

not instructing the jury that the evidence would not warrant a conviction.

Comp. L. § 7590, in punishing the crime of obtaining an indorsement by false pretenses, imposes the penalty on public grounds; and the fact that the indorser knew the indorsement was to be dishonestly used cannot release the respondent.

When it becomes necessary in a criminal prosecution to show a particular intent in order to establish the offense charged, proof of previous acts of the same kind is admissible for that purpose.

In a prosecution for obtaining an indorsement on the false pretense that the proceeds of the paper were to be paid to a specified person it was *held* allowable to show that respondent had previously obtained from the indorser sums which he claimed were to be paid and afterwards said had been paid to the same person, when in fact they had not been. Such evidence tends to show a systematic scheme for obtaining money on false pretenses.

Where an indorsement was obtained by false pretenses resting on positive statements to which surrounding facts gave color, it could not be charged, as matter of law, that no offense had been committed in obtaining it, on the ground either that the pretenses were such as would not impose on persons of ordinary prudence or that other considerations, known to the respondent, aided them.

An assistant prosecuting attorney has power in the necessary absence of his superior and with permission of the court to make such amendments to an information as are authorized by statute.

Exceptions from Recorder's Court of Detroit. Submitted January 26. Decided April 5.

INFORMATION for obtaining property on false pretenses. Respondent was convicted. Conviction affirmed.

Attorney General *Jacob J. Van Riper* for the People.

*Edward S. Grece, C. H. Freeman* and *Wm. B. Jackson* for respondent.

MARSTON, J. The respondent was charged with obtaining the endorsement of Martin Kline to a promissory note by false pretenses, and upon trial had was convicted. The case comes here upon exceptions before judgment. Quite a number of errors are alleged:

*First.* The court refused to instruct the jury, that the proof offered by the People did not establish beyond a rea-

sonable doubt the guilt of the accused. The weight to be given the testimony, where conflicting, should be left to the jury. If at a subsequent time the trial court is of opinion that the verdict was not in accordance with the evidence introduced and that injustice has been done thereby, full power is possessed by the court to correct the error or mistake of the jury by granting a new trial. This Court cannot however review the evidence for a like purpose. It is only where there is a total want of evidence upon some essential point that this court can interpose, and then it is not to correct the mistaken judgment of a jury upon a question of fact, but the error of law in the court's not instructing the jury that the evidence would not authorize a conviction.

*Second.* That if Kline endorsed the note for an unlawful and immoral purpose, he was not within the protection of the statute, and the respondent should be acquitted. This objection as we understand it, under the facts in this case, means that if the money to be obtained from a negotiation of the note after its endorsement, was to be used by the respondent for an unlawful or immoral purpose, and such fact was known to the person before endorsing, there could be no conviction. This position is based upon the theory that the statute upon which this prosecution was founded, was in some way intended to protect the party deceived and defrauded but not to punish the party guilty thereof. When a crime has been committed the law seeks to punish the party guilty thereof. The injured individual has been wronged, and his object, motive or complicity therein may affect any remedy that he might have against the perpetrator thereof. In every crime there is in addition to this wrong done the individual, also a public wrong. This the State punishes, and except in certain trivial cases, the person injured has no control over and cannot prevent or interfere with the public prosecution by the State authorities. The penalty attached to the commission of the offense charged in the information is imposed upon public grounds, and the fact that the party deceived or defrauded may have supposed or known the money obtained on his endorsement

would be used for immoral or unlawful purposes would not purge the guilt of the accused. His offense was not lessened by the fact that he intended to put the money, when obtained, to a bad use.

*Third.* In permitting the prosecuting officer in his open- ing to state that he would show, and afterwards in introduc- ing evidence tending to prove, that the respondent had obtained from Kline different sums of money prior to the offense charged, by false pretenses similar to those alleged in the information.

The court distinctly ruled and held that the prosecution could only prove the offense charged.

The general rule undoubtedly is that in criminal cases evidence of another and distinct offense, though of the same kind with that charged, cannot be given in evidence, and yet in many cases exceptions to this rule are recognized and established. Where it is necessary to show a particular intent in order to establish the offense charged, proof of pre- vious acts of the same kind is admissible, for the purpose of proving guilty knowledge or intent. In cases of uttering forged instruments; receiving stolen property; passing worthless bank bills. These and many other cases might be referred to. See *People v. Schweitzer* 23 Mich. 301 (2d ed.) and note.

In this case the false pretense charged, was that the pro- ceeds of the note were to be paid over to a particular person whose name did not appear in or upon the note, but who, it was represented, would pay the same at maturity, and the evidence of other acts was in obtaining from Kline other sums to be paid to and which it was claimed had been paid to the same person—and who testified that no such moneys, coming from such source, had been paid to or received by him. This evidence therefore tended to show a purpose or scheme on the part of the accused by which he could by making a false representation of a certain character obtain the money or endorsement of Kline. That from his success in making similar false representations to Kline on previous occasions, he had reason to believe the representation which

he was about to and did make in the present instance would mislead and deceive and enable him to obtain the endorsement. For this purpose I am of opinion the evidence was admissible.

*Fourth.* That the pretences charged were not such as would impose upon persons of ordinary prudence. The statute does not attempt to define what shall or shall not be considered as falling within it. There are many cases where the alleged pretences consist of mere matter of judgment or opinion, although positive in form, where both parties have equal means of ascertaining the facts, and which have been held as not falling within the statute. This however is not a case of that character. A positive statement of fact was here made, and the surrounding and concurrent appearances gave color thereto, and the court could not, as matter of law, instruct the jury that, if true, still no offense was committed. The fact that other considerations also operated upon and assisted in inducing Kline to endorse the note, would not excuse the respondent. Those considerations or inducements were well known to the respondent, and it undoubtedly was in the light thereof that he made his false representations. In other words, he had reason to believe, that because of certain existing facts, and from his previous experience, the representations he was about to make would be sufficient to induce Kline to endorse the note.

*Fifth.* That the court erred in permitting the information to be amended by correcting the date and name of the payee of the note to correspond with the facts. It is not pretended that the amendment was not such an one as the statute expressly authorizes, but that the amendment was made by the assistant prosecuting attorney, when that officer,—the prosecuting attorney,—was not present. This objection we think has no force. In very many cases the prosecuting attorney cannot be personally present during the trial of criminal cases. When such is the fact, the person who in his stead appears for the people, must, from necessity, have power, with the permission of the court, to make at least such amendments as the statute expressly authorizes. Any

other view would render it exceedingly dangerous to enter upon the trial of a criminal cause in the absence of that officer, and would leave the case in jeopardy should he during the trial be necessarily or unavoidably called away on account of important official business, sickness or otherwise.

As we discover no error in the record, the Recorder must be instructed to proceed to judgment.

The other Justices concurred.