### PEOPLE v. HENRY.

CRIMINAL LAW—LARCENY—INTENT—EVIDENCE OF OTHER CRIMES.
Where, in a prosecution for breaking and entering a saloon with intent to commit larceny, the breaking was admitted, but it was claimed that respondent was too intoxicated to entertain the intent, it was error to admit evidence of two former convictions for larceny for the purpose of showing the intent; such convictions having taken place more than two years prior to the crime charged, and it not being shown that the offenses were committed under circumstances similar to those in the case at bar.

Exceptions before judgment from St. Clair; Thomas, J. Submitted November 21, 1901. Decided December 10, 1901.

Joseph Henry was convicted of statutory burglary. Reversed.

Defendant was convicted of breaking and entering a saloon in the night-time (January 31, 1901), with intent to commit the crime of larceny, not being armed with a dangerous weapon. The breaking was admitted. The defense was that. he was too intoxicated to entertain the intent. The court admitted in evidence the record of two former convictions for larceny,—one in September, 1898, and the other in January, 1899,—for the purpose of showing the intent with which respondent broke and entered.

*Burt D. Cady* (*S. A. Graham*, of counsel), for appellant.

*Eugene F. Law*, Prosecuting Attorney, for the people.

GRANT, J. (*after stating the facts*). This evidence was incompetent. There was no connection whatever between the two former crimes and the one for which the respondent was on trial. There was nothing to show that the larcenies for which he was then convicted were committed under circumstances similar to those in this case. Besides, the former crimes were not near in time to that of the crime here charged. This case is not within the rule of *People* v. *Seaman*, 107 Mich. 348 (65 N. W. 203, 61 Am. St. Rep. 326). In that case proof of other acts of abortion in the same place by the respondent was held admissible as bearing upon the intent or purpose with which the operation which resulted in death in .that case was performed. Neither is it within the rule laid down in *People* v. *Henssler*, 48 Mich. 49 (11 N. W. 804), where the respondent was charged with obtaining the indorsement of one Kline to a promissory note by false pretenses.

Similar transactions with Kline were held competent, as tending to show a purpose or scheme on the part of respondent by which he could obtain money or an indorsement of Kline, and that ''from his success in making similar false representations to Kline on previous occasions he had reason to believe the representation which he was about to and did make in the present instance would mislead and deceive, and enable him to obtain the indorsement." A felonious intent is an essential ingredient in the crime of larceny. It is, in fact, the gist of the offense. This is a clear case of introducing evidence of one crime to prove the commission of another. It is within the rule of *People* v. *Jacks*, 76 Mich. 218 (42 N. W. 1134); *Lightfoot* v. *People*, 16 Mich. 507; *People* v. *Lonsdale*, 122 Mich. 388 (81 N. W. 277); *State* v. *Johnson*, 38 La. Ann. 686; *People* v. *Barnes*, 48 Cal. 551; *People* v. *Ascher*, 126 Mich. 637 (86 N. W. 140). ''To make one criminal act evidence of another, some connection must exist between them." *Swan* v. *Com.*, 104 Pa. St. 218. Illustrations of this principle will be found in the following authorities: *Osborne* v. *People*, 2 Parker, Cr. R. 583; *Mason* v. *State*, 42 Ala. 532; *Copperman* v. *People*, 56 N. Y. 591; *Phillips* v. *People*, 57 Barb. 353.

Reversed, and new trial ordered.

Montgomery, C. J., Hooker and Moore, JJ., concurred. Long, J., did not sit.