PEOPLE v. FLEMING.

CRIMINAL LAW—LARCENY—INTENT—ADMISSIBILITY OF OTHER LAR-
CENIES FOR PURPOSE OF SHOWING INTENT.

> In a prosecution for the larceny of a slipper from a retail
> store, where defendant admitted taking it into a rest
> room for the purpose of trying it on, but denied any
> intent to steal, testimony of other instances of shop-
> lifting by defendant, held, admissible for the purpose
> of showing intent, and conviction affirmed by a divided
> court.

Exceptions before judgment from Oceana; Vander-
werp (John), J. Submitted January 12, 1923.
(Docket No. 146.) Decided July 20, 1923.

Ella Fleming was convicted of larceny. Affirmed
by an equally divided court.

A. S. *Hinds* and F. E. *Wetmore,* for appellant.

*Earl C. Pugsley,* Prosecuting Attorney, for the
people.

BIRD, J. Defendant was convicted of stealing a
slipper from a retail store in Shelby. The people's
proofs showed that defendant took the slipper when
no one was waiting upon her, placed the same in her
pocket and went to a rest room in another part of
the store. One of the proprietors followed her and
demanded admission. The door was unlocked and
the slipper surrendered upon his demand. Defend-
ant's version of the incident was that she took the
slipper to the rest room to try it on; that she had on
darned stockings and did not care to expose her foot
out in the store, and that she had no intent of steal-

On admissibility of evidence of other crimes in prosecution
for larceny, see notes in 62 L. R. A. 214, 231, 281, 315, 322;
43 L. R. A. (N. S.) 776.

ing it.    Upon the issue of felonious intent the jury found against her.

1. For the purpose of characterizing her intent the prosecutor offered proof of other instances of shoplifting by her in the stores at Shelby.    This testimony, was objected to and it raises the principal question in the case.    Defendant's counsel argue that it was giving proof of other independent offenses to convict her of the one charged.    Of course, the question is whether the admission of this proof came within the exception to the general rule that the offense charged may not be proved by evidence of the commission of other offenses.    The exception to the general rule is well stated in *People* v. *Seaman*, 107 Mich. 348 (61 Am. St. Rep. 326) :

"Where a felonious intent is an essential ingredient of the crime charged, and the act done is claimed to have been innocently or accidentally done, or by mistake, or when the result is claimed to have followed an act lawfully done for a legitimate purpose, or where there is room for such an inference, it is proper to characterize the act by proof of other like acts producing the same result, as tending to show guilty knowledge, and the intent or purpose with which the particular act was done, and to rebut the presumption that might otherwise obtain."

In 1 Wharton's Criminal Law (6th Ed.), § 649, it is said:

"Where the *scienter* or *quo animo* is requisite to, and constitutes a necessary and essential part of, the crime for which the person is charged, and proof of such guilty knowledge or malicious intention is indispensable to establish his guilt in regard to the transaction in question testimony of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent is competent, notwithstanding they may constitute in law a distinct crime."

In 3 Greenleaf on Evidence (16th Ed.), § 15, the same rule is discussed:

"In the proof of intention, it is not always necessary that the evidence should apply directly to the particular act, with the commission of which the party is charged; for the unlawful intent in the particular case may well be inferred from a similar intent, proved to have existed in other transactions done before or after that time."

And this exception to the general rule has been applied in prosecutions for larceny.     See note in 62 L. R. A. 231.     This note cites numerous larceny cases where the exception to the general rule has been applied.

If the people's contention were true, defendant was guilty of larceny.     If defendant's version were true, she was innocent of the offense charged.     There were no material disagreements on the facts.     The issue was purely one of felonious intent.     For the purpose of characterizing that intent the prosecutor showed by one witness that on the same day defendant went into another store and took some candy and placed it in her bag and left the store without paying for it, or speaking about it.     Other instances of like character were testified to.

Had defendant denied taking or having the slipper, the testimony would have been incompetent, because the larceny charged could not be established by proof of another larceny.     But when defendant admits doing with the slipper what the prosecution charges, and her admitted acts are subject to two constructions, one an innocent and the other a guilty one, then the only issue is one of felonious intent and this intent may be characterized by other similar instances.     See *People v. Giddings,* 159 Mich. 523 (18 Ann. Cas. 844) ; *People v. MacGregor,* 178 Mich. 468; *People v. Wakely,* 62 Mich. 303; Rapalje on Larceny, § 200; 1 Wigmore on Evidence, § 346; *Weyman v. People,* 6 Thomp. & C. (N. Y.) 696.     In the last case cited the defendant was charged with grand larceny.     He ordered certain

jewelry of another jeweler on the statement that it was for the purpose of enabling one of his customers to inspect it. For the purpose of showing defendant's intent, the prosecutor was permitted to show that defendant had similar transactions with two other firms and appropriated the goods to his own use. Complaint was made of the admission of this testimony, but the appellate court held the testimony admissible.

2. The point is made that no offense known to the law is charged in the information. The information appears to be based on the following statute:

"Every person who shall break and enter with intent to commit any felony or larceny therein, any dwelling-house, office, store, shop, warehouse, mill, factory, boat, vessel, depot, freight-house, meeting-house, church, court house, college, academy, or other building or structure, used or kept for private or public use, or any person who shall, without breaking, steal in any dwelling-house, office, store, shop, warehouse, mill, factory, boat, vessel, depot, freight-house, meeting-house, church, court house, college, academy, or other building or structure used or kept for private or public use, shall be punished by imprisonment in the State prison not more than five years, or by a fine not exceeding five hundred dollars." Act No. 323, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 15295).

We are not impressed that there is any ambiguity in the statute. It covers instances of breaking and entering the places mentioned in the act, whether in the nighttime or in the daytime. It also covers stealing (without breaking) from the enumerated places, whether in the nighttime or in the daytime. It differs from the section which it superseded (3 Comp. Laws 1915, § 15295), by making the act of breaking and entering apply to the entire 24 hours, and by making larceny an offense, whether done in the daytime or in the nighttime. The old statute did not cover a

case of breaking and entering in the daytime, nor did it cover cases of larceny without breaking in the night time.    The fact that the information alleged the act took place in the daytime is of no importance since the statute makes the act larceny whether committed in the day or night.    The information was more specific than it need to have been.    We think the offense was sufficiently charged in the information.    It will be unnecessary to consider the other questions raised, as we think they are without merit.

The judgment of conviction is affirmed.

WIEST, C. J., and MCDONALD and STEERE, JJ., concurred with BIRD, J.

FELLOWS, J. (*dissenting*).    I do not agree with my Brother BIRD that it was competent for the people to prove that defendant had on other occasions committed the crime of larceny from other stores in the daytime, or that this case falls within the exception to the general rule that a defendant in a criminal case may only be called upon to meet the crime charged in the information.    I think the question has been settled in this State for over half a century that a charge of larceny is within the rule and not within the exception.    While there are exceptions to the rule which will be presently noted, larceny is not one of them.    In the early case of *People* v. *Schweitzer*, 23 Mich. 301, it was said by Justice CHRISTIANCY, speaking for the court:

"We see no legal ground upon which the witness, Dumphy, could have been allowed to testify to the commission by the defendant of another and distinct larceny from that for which he was on trial.    The general rule is well settled that the prosecution are not allowed to prove the commission of another and distinct offense, though of the same kind with that charged, for the purpose of rendering it more probable

in the minds of the jury that he committed the offense for which he is on trial; and this would be the natural and inevitable effect upon the minds of the jury, of the admission of such evidence, on whatever ground or pretense it might be admitted; and the defendant would thus be prejudiced on the trial of the offense charged, by proof which he has no reason to anticipate, of an offense for which he is not on trial, and to which when properly called upon to defend, he may have a perfect defense. There is nothing to take this case out of this general rule, and to admit such evidence in this case would be to admit it in all."

Nor is the case of *People* v. *Lapidus,* 167 Mich. 53, distinguishable from the one now before us. There the defendant, as here, was charged with "shoplifting." A witness testified that defendant had confessed to him that he made a business of it. In holding that such testimony was inadmissible, it was said by Justice BROOKE, speaking for the court:

"We think that the testimony of this witness, as it appears in the record, is highly incredible. Aside from that, the portion of it relating to the commission of similar offenses at other times was clearly incompetent. Proof of another offense or of prior arrests is not admissible to convince a jury that it is probable that the offense charged has been committed. There are exceptions to this rule, but the case here considered is not one of such."

In the case of *People* v. *Nagle,* 137 Mich. 88, relied upon by the people, the defendant was charged with breaking and entering in the nighttime and stealing certain enumerated articles. It was held that it was a part of the *res gestæ* to show that other articles than those enumerated were taken from the barn at the same time and were found at defendant's place, but the trial judge quite carefully excluded evidence of the finding of other articles stolen from other persons. Defendant's counsel, however, went into that subject fully on cross-examination and it was held that the

testimony was for the consideration of the jury. The case is not in point.

The cases where the exceptions have been applied are cases involving guilty knowledge, a particular intent, where an honest mistake would be a defense. In the recent case of *People* v. *Rice*, 206 Mich. 644, where the crime charged was the obtaining of money by false pretenses, we fully reviewed the cases and applied the exception. It was there said:

"The underlying reason for the exception lies in the fact that a man may be honestly mistaken, have no fraudulent intent if the transaction stands alone, is single; but that the probabilities of an honest mistake diminish as the number of similar transactions indicating a scheme or system increases. Thus a man may honestly offer a counterfeit bill, and the one transaction standing alone has little force in proving guilty knowledge, in proving intent to defraud. But if he successively offers 5 or 25 counterfeit bills, as such offers increase in number the probabilities of an honest mistake diminish, and the probabilities of guilty knowledge, of intent to cheat, increase."

In the case of *People* v. *Seaman*, 107 Mich. 348 (61 Am. St. Rep. 326), cited by my Brother, the defendant, a physician, was charged with manslaughter. It was claimed that he performed an operation upon one Emily Hall to procure an abortion, resulting in her death. Chief Justice McGrath, in an exhaustive opinion, fully reviews the authorities and says:

"Miscarriages do occur from accidental causes. Death follows, not only in cases of miscarriage and premature birth, but also in ripe cases of childbirth. Physicians are necessarily in attendance in such cases. Respondent had, at the coroner's inquest, testified that this was a case of childbirth, and subsequent death from pneumonia. He stated that he was called to the house, professionally, to attend a woman in confinement. It became necessary to show guilty knowledge and intent on his part. How else could

the prosecution prove the *quo animo,*—the criminal purpose of his attendance,—except by showing the character of the place, the fact that it was a place of resort for such practices, and that respondent was frequently there, and for the very purpose of performing his part in these criminal operations? Unless indirect proof of guilty knowledge is admitted, it would be impossible, in many cases, to prove this essential element in the offense."

The case was followed in *People* v. *Hodge,* 141 Mich. 312 (113 Am. St. Rep. 525), another abortion case, and recognized as stating the correct rule in *People* v. *Abbott,* 116 Mich. 263, another abortion case, although in the latter case it was held that the testimony was hearsay and for that reason inadmissible. But it must be remembered that in cases of this character an honest mistake in judgment by the physician is a defense. It is not only his right but his duty to perform the operation if necessary to save the life of the patient. If, however, he performs the operation solely to procure the abortion and death results he is guilty. Under such circumstances cases involving this crime are within the exception and within the reason of the exception.

In *People* v. *Henry,* 129 Mich. 100, the *Seaman Case* was invoked to sustain a conviction in a case upon principle identical with the case at bar. Defendant there was charged with breaking and entering a saloon with intent to commit larceny. His defense was that he was so intoxicated as to be incapable of forming an intent and therefore had no intent to commit larceny. The people were permitted to show his conviction of larceny on two former occasions. It was held that such testimony was improperly received, Mr. Justice GRANT, who wrote for the court, saying:

"A felonious intent is an essential ingredient in the crime of larceny. It is, in fact, the gist of the offense. This is a clear case of introducing evidence

of one crime to prove the commission of another.    It is within the rule of *People* v. *Jacks,* 76 Mich. 218; *Lightfoot* v. *People,* 16 Mich. 507; *People* v. *Lonsdale,* 122 Mich. 388; *State* v. *Johnson,* 38 La. Ann. 686; *People* v. *Barnes,* 48 Cal. 551; *People* v. *Ascher,* 126 Mich. 637."

In that case the defense was that defendant had no intent to steal, that he was too intoxicated to form an intent.    In this case the defense was that defendant had no intent to steal, that she took the slipper to the rest room to try it on.    I am unable to perceive any difference upon principle between the two cases.

Again in *People* v. *Burke,* 157 Mich. 108, a bank robbery case, the *Seaman Case* was invoked to sustain a conviction where proof of a former conviction had been received.    It was there said by Mr. Justice OSTRANDER, speaking for the court:

"It was, further, an attempt to prove by parol a former conviction of one of the respondents, a practice in support of which no authority is cited.    It was, also, an attempt to prove a distinct and remote crime, in no way related to the one for which respondents were being tried.    If the record of the former conviction had been produced, it should not have been admitted in evidence.    In numerous cases this court has had occasion to state and apply what is sometimes said to be an exception to the general rule that proof of the commission of other crimes may not be given upon the trial of one accused of crime.    They are for the most part cases where the act of the accused was, in itself, innocent, involving no necessary implication of crime, or cases where the circumstances permitted the inference of accident, mistake, or inadvertence to be drawn.    Many of the cases are collected in the opinions in *People* v. *Seaman,* 107 Mich. 348 (61 Am. St. Rep. 326) (compare *People* v. *Lonsdale,* 122 Mich. 388) ; *People* v. *Hoffmann,* 142 Mich. 531.    See *People* v. *Peck,* 139 Mich. 680; *People* v. *Henry,* 129 Mich. 100.    It is true the jury were required to find that the bank was destroyed with the intent to commit the crime of larceny, or some felony.    The circumstances

as they were made to appear supported no inference of accident, mistake, or inadvertence. There was no riot and nothing tending to prove that personal enmity provoked the destruction of property. That the admission of this testimony was calculated to influence the jury unfavorably to respondent Burke, there can be no doubt. The respondent Thompson was, when captured, in his company, and it is the theory of the prosecution that respondents were acting in concert. It cannot be imagined that, if they were acting in concert, they had different purposes or motives. We are obliged to say that for the errors pointed out the conviction of both respondents must be set aside."

In *People* v. *Thompson*, 122 Mich. 411, the defendant had been convicted of manslaughter. He was the engineer in the Journal Building and it was claimed that he was criminally negligent in the discharge of his duties, resulting in the explosion of the boiler, killing several persons. The *Seaman Case* was invoked to sustain the admission of evidence of prior acts of negligence but it was held that it was not applicable.

A reference to the cases where the exception has been applied demonstrates that the crime charged differs in character from the crime of larceny. I have already referred to some of the abortion cases. Numerous cases will be found where the crime of obtaining property or money under false pretenses is within the exception. Among them see *People* v. *Henssler*, 48 Mich. 49; *People* v. *Wakely*, 62 Mich. 297; *People* v. *Summers*, 115 Mich. 537; *People* v. *Rice, supra*. Likewise the receiving of stolen property knowing it to be stolen (*People* v. *Di Pietro*, 214 Mich. 507), where it was said by Mr. Justice CLARK, speaking for the court:

"Defendant insists that the testimony as to the sale of cars other than the one in question was inadmissible. Evidence of another independent crime could not be admitted to establish the guilt of defendant of the crime charged. But the evidence was ad-

duced under an exception to this general rule to show that the having by defendant of the car in question was not mistake, an innocent business transaction, but a part of a scheme or plan of having and dealing in stolen cars, and to show guilty knowledge. The jury was instructed of the purpose of receiving this testimony and it was not error under the circumstances to receive it."

So also the exception has been applied to violation of the banking laws (*People* v. *Crawford,* 218 Mich. 125). Incorrect entries may be made in the books of the bank, they may be mistakenly entered or fraudulently entered, and improper transactions may be indulged in either mistakenly or fraudulently. Money may be received from a prostitute innocently or under such circumstances as to constitute a crime and so the exception has been applied in a prosecution under Act No. 389, Public Acts 1919 (Comp. Laws Supp. 1922, § 15500 [1, 2]). *People* v. *Petropoulapos,* 217 Mich. 198. Other crimes might be added; but I have been unable to find that the exception has ever been applied to the crime of larceny by this court. If applicable to that crime I can see no reason why it is not applicable to all crimes and misdemeanors where intent is involved.

In the recent case of *People* v. *Hunter,* 218 Mich. 525, defendant was convicted of assault with intent to commit rape. The intent was the gist of the offense. A witness was asked:

"*Q.* Was there anything occurred there at your house that day with reference to this daughter of yours?"

The question was not answered, but it was such an attempt on the part of the prosecutor to prejudice the defendant by attempting to show another offense that

we reversed the case. Mr. Justice BIRD, who wrote for the court, there said:

"Keeping in mind that defendant was on trial for attempted rape the question was a live wire which went directly to defendant's proneness in such affairs. The question was well calculated to, and probably did, leave in the minds of the jurors the impression that the prosecutor had knowledge that defendant had made an effort on the same day to fuss with or take advantage of her young daughter. Even though there were some basis for believing that defendant had done so, the fact was not admissible to show the guilt of defendant under the charge on which he was being tried. It was an attempt to make evidence of a distinct and similar offense. It is true, the question was not answered, but it was one of those questions which, coming from a public prosecutor, had its weight, and would ordinarily leave a strong impression upon a jury. The question was improper, inadmissible and harmful to defendant."

Because this defendant denied that she intended to steal the one slipper and claimed to have taken it to the rest room to try it on did not furnish a reason for permitting the people to produce upon this trial evidence tending to show the commission of five other crimes entirely disconnected with this one and one of which occurred seven years before. Defendant could not be expected to meet these charges. She was informed against for the commission of this crime, the crime of larceny from a store in the daytime, and evidence of other distinct and separate offenses was not admissible and was highly prejudicial. I think the case should be reversed and remanded for a new trial upon the charge contained in the information and upon no other.

CLARK and MOORE, JJ., concurred with FELLOWS, J.

SHARPE, J. (*dissenting*). In my opinion, the proof offered of similar offenses committed by the defendant

on the same day or within a reasonable time prior thereto was admissible as tending to establish the intent of the defendant when she took the slipper into the rest room. I think it was error to admit proof of larcenies committed by her a number of years before. For that reason the conviction should be set aside and a new trial granted.