PEOPLE *v.* FLEMING.

CRIMINAL LAW—EXCEPTIONS BEFORE SENTENCE—EQUAL DIVISION OF SUPREME COURT SUSTAINS TRIAL COURT.

Where, on exceptions before sentence, defendant's conviction of a criminal charge was sustained by a divided court, the verdict of the lower court was sustained under 3 Comp. Laws 1915, § 12031, and, on remittitur being filed, the trial court properly proceeded to sentence.

Error to Oceana; Vanderwerp (John), J. Submitted April 17, 1924. (Docket No. 118.) Decided June 2, 1924.

Ella Fleming was convicted of larceny from a store, and, on appeal to the Supreme Court, the conviction was sustained by an equally divided court: On motion of defendant to set aside a sentence imposed by the circuit court on remittitur from the Supreme Court. Motion denied. Defendant brings error. Affirmed.

*F. E. Wetmore* and *A. S. Hinds,* for appellant.

*Earl C. Pugsley,* Prosecuting Attorney, for the people.

BIRD, J.     Defendant was convicted of larceny in the Oceana circuit court, and the proceedings were presented to this court on exceptions before sentence (224 Mich. 199).     This court was unable to agree on certain questions of law involved, and two opinions were filed, one for affirmance and the other for reversal.     The court was evenly divided, each opinion being signed by four Justices.     These opinions being filed, the following order was entered:

"This cause having been brought to this court upon exceptions from the circuit court for the county of Oceana, and the same, and the matters and proceedings therein, having been seen and inspected and duly considered by the court.     Thereupon it is ordered that it be certified to said circuit court for the county of Oceana, that this court finds no error in the rulings and proceedings therein by reason of an equally divided court on the exceptions assigned."

When the remittitur containing this order was filed in the trial court it proceeded to sentence defendant. The court imposed a sentence of probation for a period of two years, with certain conditions annexed, to be complied with, and providing she should pay costs in the sum of $150, and probationary fees of $12.     Defendant acquiesced in this sentence and paid the costs. Subsequently she raised the question in the trial court that the sentence was null and void, that the trial court was without jurisdiction to sentence her because the order of the Supreme Court contained no directions to do so.

This contention of counsel is based wholly on what was said by the court in *People* v. *Braman*, 30 Mich. 472.     That was a criminal case before the court on exceptions before sentence.     The court was equally divided.     Later it was called to the attention of this court that the prosecuting attorney had moved in the trial court for judgment on the verdict, and a ruling was requested as to the practice in criminal cases

where the Supreme Court was equally divided on exceptions before sentence. In response to that request this court said:

"The court held that where in criminal cases exceptions are certified to the Supreme Court before judgment, no further proceedings can be taken in the court below until the former court shall certify its instructions how to proceed; that in *this* case, the Supreme Court being divided upon the question whether the act committed constituted any criminal offense, it would be *unseemly* to proceed further against the defendant, and that practically such a result should put an end to the prosecution, though no order to that effect had been entered."

In the case referred to defendant was charged with extortion by means of threats to accuse another of crime. Two of the Justices were of the opinion that defendant's written communication brought him within the statute. The other two Justices were of the opposite opinion, and two quite extended and elaborate opinions were rendered. A careful reading of the court's reply will disclose that the request to announce the practice in such cases was not complied with. The court said:

"That in *this* case, the Supreme Court being divided upon the question whether the act committed constituted any criminal offense, it would be *unseemly* to proceed further against the defendant," etc.

It is obvious that the court did not intend to lay down any rule of practice to be followed in the future. If it did it would not have used the expression "in *this* case," and it is just as apparent that the court did not mean to infer that no directions to the lower court *could* be given, nor did they indicate in the faintest way any want of power to give directions, but they gave as an excuse for not giving directions that under the circumstances "it would be *unseemly* to proceed further." In fact, they did not discuss the

inadequacy of the law, nor the want of power, to promulgate a rule, but they considered it from a standpoint of *propriety*.    And may we not assume if the court had declined to give instructions to the lower court by reason of some defect in the law or practice or from want of power that they would have pointed out what the barrier was?    And if the court intended to create an exception to the rule of the statute and to the universal rule in other States, would they not have so indicated by a more extended discussion of the proposed change?

The remittitur of this court sent the case back to the trial court with the statement that the case was affirmed by a division of this court.    This left the case just where it was before it left the trial court, namely, with a verdict of guilty affirmed by an equal division of this court.

Our statute is plain that when the Justices are equally divided in opinion in any matter the judgment or decree of the lower court shall be affirmed.    3 Comp. Laws 1915, § 12031.

This is a universal rule wherever appellate courts function, it is a logical and sensible rule, and we see no reason why it should not apply to the present case.    If the rule contended for by counsel should be declared it would result in releasing criminals who were convicted by the lower courts whenever this court was equally divided in opinion.

The order of the trial court denying defendant's motion is affirmed.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.