PEOPLE *v.* EMILSON.

1. BURGLARY — BREAKING AND ENTERING GARAGE — STATUTORY OF-
FENSE—TIME NOT AN ELEMENT.

In a prosecution for breaking and entering a garage with
intent to steal, in violation of Comp. Laws Supp. 1922,
§ 15295, the time is not an element of the offense, and,
therefore, accused may not complain if the information
in charging that it occurred in the nighttime is more
specific than the law requires and gives him more com-
plete information than that to which he is entitled.[1]

2. SAME—INFORMATION NOT DEFECTIVE.

Nor is the information defective because it alleged that
the garage was not adjoining to or occupied as a dwelling
house, because, under the statute, the crime was committed
regardless of the location of the garage.[2]

3. SAME.

Failure to charge in the information that the garage was
"used or kept for private or public use" was not a vital
defect.[3]

4. SAME—"USED" AND "KEPT" DEFINED.

The words "used" and "kept," as used in said statute, are
not synonymous; "used" referring to occupancy, while
"kept" may mean that the building is not occupied but
is being held for private or public use, and, therefore,
both occupied and unoccupied buildings are included in
the statute.[4]

Error to Barry; McPeek (Russell R.), J.　　Sub-
mitted October 18, 1925.　　(Docket No. 142.)　　De-
cided December 22, 1925.

Alfred Emilson was convicted of breaking and en-
tering a garage with intent to steal, and sentenced to
imprisonment for not less than 15 months nor more

[1]Burglary, 9 C. J. § 64 (Anno); [2]Id., 9 C. J. § 70 (Anno); [3]Id.,
9 C. J. § 71 (Anno); [4]Id., 9 C. J. § 38 (Anno); Keep, Kept and
Keeping, 35 C. J. §§ 2, 2 (Anno); Use, 39 Cyc. p. 846.

than 5 years in the Michigan reformatory at Ionia. Affirmed.

*William E. Ware,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Kim Sigler,* Prosecuting Attorney, for the people.

MCDONALD, C. J.    The defendant was convicted under an amended information which charged that on the 9th of March, 1925, at the village of Delton, Barry county, in the nighttime, he unlawfully and wilfully did break and enter the garage of Frank Doster and William Smith with intent to steal their goods and chattels there being found, the said garage not adjoining to or occupied as a dwelling house.    The information contained a count for larceny but that was withdrawn during the trial by the prosecuting attorney.    After conviction there was a motion in arrest of judgment and for the discharge of the defendant. This motion the court denied, and sentenced the defendant to a term in the Michigan reformatory at Ionia.

The claim of error is stated by the defendant in his brief as follows:

"When arraigned under the information, and before the charge of larceny was eliminated from it, the defendant pleaded not guilty to it, and he contends that after the charge of larceny was eliminated from it the information did not charge him with the commission of any crime or offense defined by the statute or by common law.    That entering a 'garage' not adjoining to or occupied with a dwelling house, by breaking, or without breaking, whether in the nighttime or daytime, with intent to commit the crime of larceny, is not a crime or offense of any character, either under the statute or common law.    That at the time, 'on or about the 9th day of March, A. D. 1925,' mentioned in the information as the time when the defendant entered the garage with the intent stated, a 'garage' was not a building protected from

such entry with such intent, by any statute in force in this State, and it was not a crime or offense at common law to so enter a garage."

The information is apparently based on the following statute:

"Every person who shall break and enter with intent to commit any felony or larceny therein, any dwelling house, office, store, shop, warehouse, mill, factory, boat, vessel, depot, freight-house, meeting-house, church, court house, college, academy, or other building or structure, used or kept for private or public use, or any person who shall, without breaking, steal in any dwelling house, office, store, shop, ware-house, mill, factory, boat, vessel, depot, freight-house, meeting-house, church, court house, college, academy, or other building or structure used or kept for private or public use, shall be punished by imprisonment in the State prison not more than five years, or by a fine not exceeding five hundred dollars." Act No. 323, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 15295).

Under this statute it is not necessary to allege or to prove either that the breaking and entering was in the daytime or in the nighttime. The time is not an element of the offense. But though it is not necessary that the information should state the time, when it does so it is of benefit to the defendant; because it gives him more complete notice of the claim of the people than he is entitled to under the statute. He cannot complain if the charge is stated more specifically than the law requires. *People* v. *Fleming,* 224 Mich. 199.

What we have here said applies with equal force to the claim that the information does not charge a crime because it alleges that the garage was "not adjoining to or occupied as a dwelling house." Under the statute the crime was committed regardless of the location of the garage.

A more serious question is that the information did not charge that the garage was "used or kept for private or public use." The statute under which this

information is laid is an amendment to section 15295, 3 Comp. Laws 1915. That statute after enumerating certain buildings says "or other buildings erected for public use." In enacting the amendment it was evidently the intention of the legislature to include not only any building erected for public use, but also any building erected for private use. The language of the amendment reads: "or other building or structure used, or kept for private or public use." The words "private" and "public" are used in the amendment because "public" was used in the former statute. The language of the amendment is broad enough to include any building, for all buildings are "used or kept for private or public use." The words "used" and "kept" are not used here synonymously. Used for private or public purposes refers to occupancy. Kept for private or public purposes may mean that the building is not occupied but is being held for private or public use. Both occupied and unoccupied buildings are included in this statute. If there are any buildings or structures that are not used or kept for private or public use, it would be necessary for the information to characterize the building in the language of the statute. But there are no such buildings. They all come within one class or the other, either the public or the private class. If the intent to steal is present the statute makes the breaking and entering a crime whether committed in a private building or a public building. It therefore follows that failure to charge that the garage was used or kept for private or public use is not a vital defect in the information. This information is not a model one by any means, but we think it sufficiently charges an offense under the statute.

The judgment of conviction is affirmed.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.