PARKER *v.* KETTINGER.

1. MUNICIPAL CORPORATIONS—CITIES—LIABILITY OF CITY FOR DEFEC-
TIVE STREET—STATUTES.

Under 1 Comp. Laws 1929, § 4223, cities are liable for neglect to
keep their streets in reasonable repair and in condition reason-
ably safe and fit for travel.

2. SAME—NOTICE—DIRECTED VERDICT.

In action against city for personal injuries alleged to be due to
defective street, where there was evidence that street was not
in reasonable repair, and that city had notice thereof, it was
not entitled to directed verdict.

3. SAME—EVIDENCE.

Testimony as to condition of street at place of accident prior
thereto was admissible.

4. APPEAL AND ERROR—EVIDENCE—CURING ERROR.

In action for injuries due to defective street, error in admission
of testimony as to condition of street at points other than
place of accident, *held*, not reversible, where court sustained
objection thereto, and in charge carefully limited plaintiff's
right to recover to condition of street at place of accident.

5. MUNICIPAL CORPORATIONS—EVIDENCE—DEFECTIVE STREETS.

Evidence tending to show that city street was no worse than
country roads was properly excluded, since neglect of country
roads would not excuse city for neglect in keeping its streets
in reasonable repair.

6. SAME—CONTRIBUTORY NEGLIGENCE—MOTOR VEHICLES—DIRECTED
VERDICT.

Where taxicab passenger informed driver that street they were
entering was rough, but driver did not slacken his speed, and
passenger was injured when taxicab went into hole in street,
passenger was not guilty of contributory negligence as matter
of law because she did not give driver more explicit warning
of danger.

On action against township for defects in highway, as ques-
tion for jury, see annotation in 13 L. R. A. (N. S.) 1251.

Appeal from Monroe; Root (Jesse H.), J.  Submitted January 29, 1932.  (Docket No. 224, Calendar No. 36,176.)  Decided March 2, 1932.

Case by Elizabeth Parker against Edward J. Kettinger and City of Monroe, a municipal corporation, for injuries sustained while in defendant Kettinger's taxicab passing over a defective street. Verdict and judgment for plaintiff.  Defendant city appeals.  Affirmed.

*Gordon & Williamson,* for plaintiff.

*James J. Kelley,* for defendant city.

SHARPE, J.  The plaintiff secured the service of a taxicab, driven by the defendant Kettinger, to convey her from a business place in the city of Monroe to her home at 815 Michigan avenue, in that city. This street was unpaved, and, while passing along it, and in front of the residence at No. 704 thereon, she was thrown about in the cab and seriously injured.  This action is brought by her against Kettinger and the city to recover the damages incident thereto.  She had verdict and judgment against both defendants in the sum of $9,000.  They both served notice of appeal therefrom, but that of the defendant Kettinger was not perfected, and no brief has been filed for him in this court.

The following special questions were submitted to the jury, and answered as indicated:

"1.  Did the city have either actual or constructive notice of a dangerous hole or rut in the street if you find that there was such a dangerous hole or rut existed in front of 704 Michigan avenue, on April 7, 1930?

"Answer:  Yes.

"2. Was the road on Michigan avenue in reasonably safe condition for public travel, considering its unpaved condition, the time of year and the extent of traffic passing over this point daily in front of 704 Michigan avenue on April 7, 1930?

"Answer: No.

"3. Did defendant, Kettinger, in the operation of his taxicab use a high degree of care for the safety of his passenger considering his knowledge of the condition of the street?

"Answer: No.

"4. Did the plaintiff do or say anything at the time or just before the time of the accident that did contribute to the causing of the accident?

"Answer: No."

1. It is urged that the court erred in denying the motion of the defendant city for a directed verdict. By their answers to the first two questions submitted, the jury found that the street at the place where plaintiff was injured was not "in reasonably safe condition for public travel," and that the city had actual or constructive notice of its then condition. The jury were justified in finding that an excavation had been made therein in front of the residence at No. 704 in the winter of 1929–30, and, when filled, a mound was created which settled when the frost left the ground, leaving a hole near the center of the street "about eight to twelve inches deep, crossways on the street, probably five or six feet long."

The statute (1 Comp. Laws 1929, § 4223) imposes a liability upon cities for neglect to keep their streets "in reasonable repair and in condition reasonably safe and fit for travel." The jury found that this street was not so kept, and the evidence sustains this finding. There was also testimony that complaint as to the condition of the street had been made to

the city engineer and also to the city commission a short time before the accident occurred. Clearly the city was not entitled to a directed verdict.

2. Error is assigned upon the admission of testimony as to the condition of the street at the place of the accident prior thereto. This was clearly admissible in that it accounted for the hole or depression at that time. Some testimony crept into the case as to its condition at other points, but, on objection, the court said: "I think the objection is good, there is only one hole involved in this suit," and in his charge he carefully limited plaintiff's right to recover to the condition of the street at this particular place.

3. Counsel for the city sought to show that its condition was no worse than on country roads, and was not permitted to do so. While the statute above referred to applies to highways in townships as well as in cities, the fact that a country road was not kept in reasonable repair would in no way excuse a city for its neglect to keep its streets in such a condition.

4. It is urged that the plaintiff was guilty of contributory negligence. She testified that when the cab left the paved portion of the street she told Kettinger "it was rough," but that he did not slacken his speed. It is insisted that, as she was familiar with the condition of the street, she should have given him more explicit warning of danger. Had Kettinger been carefully watching where he was driving, as he should have been, he would doubtless have observed the hole and slowed down, but we do not think it can be said as a matter of law that it was plaintiff's duty to further warn him, and that her neglect to do so constituted negligence on her part. The trial court very carefully submitted this question to the jury in instructions of which no complaint

can be made, and their finding is indicated in their verdict.

Consideration has now been given to all of the errors of which the appellant complains in its notice of appeal. Under Court Rule No. 59, § 3 (d), "No other grounds or reasons shall be considered on the appeal except those so stated."

No reversible error appearing, the judgment is affirmed.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.