PEOPLE *v.* GUISE.

1. INDICTMENT AND INFORMATION — DUPLICITY — CRIMINAL LAW — NEW TRIAL.

Objection that information is duplicitous may not be raised for first time in trial court by motion for new trial, and, when so attempted, may not be considered by Supreme Court.

2. CRIMINAL LAW—INDORSING NAMES ON INFORMATION.

Trial court had power, on proper showing, to grant prosecutor leave to indorse two names on information after jury was impaneled and before testimony was taken (3 Comp. Laws 1929, § 17254).

3. APPEAL AND ERROR—NOTICE OF APPEAL—COURT RULES.

Error not alleged in notice of appeal may not be considered by Supreme Court (Court Rule No. 59, § 3 [d], 1931).

4. CRIMINAL LAW—FALSE PRETENSES—EVIDENCE—PREVIOUS SIMILAR OFFENSE—INTENT.

In prosecution for obtaining check by false pretenses, testimony as to defendant's participation in commission of similar previous offense was properly admitted for its bearing on question of intent in instant case.

5. SAME—DIRECTED VERDICT.

In prosecution for obtaining check by false pretenses, motion for directed verdict of not guilty, *held,* properly denied, under evidence presenting issues of fact.

Appeal from Recorder's Court of Detroit; Brennan (John V.), J.    Submitted January 12, 1933. (Docket No. 138, Calendar No. 36,382.)    Decided March 1, 1933.

Albert Guise was convicted of obtaining a check by false pretenses.    Affirmed.

*Edward B. Benscoe* (*Julius C. Pliskow*, of counsel), for appellant.

*Patrick H. O'Brien*, Attorney General, *Harry S. Toy*, Prosecuting Attorney, and *Walter Phillips* and *Edmund E. Shepherd*, Assistants Prosecuting Attorney, for the people.

WIEST, J.    Defendant was convicted of obtaining a check for $50 by means of false and fraudulent pretenses.    The jury found that defendant, or some one acting in concert with him, called the office of the Chain Link Fence Company, over the telephone, and solicited one of the partners to subscribe $50 for advertising, to be inserted in a year book to be put out by the Detroit Republican Club, and soon thereafter defendant appeared, obtained the check for $50, payable to the Detroit Republican Club and the check was cashed at a bank under forged indorsement.    No such year book was at that time contemplated by the club, and defendant, who was then an employee of the club, was well aware of the fact. The check was not turned in to the club.    Many errors are assigned, but, under the record, few can be considered.

Error cannot be assigned upon testimony received at the trial without objection.    An objection that the information is duplicitous cannot be raised for the first time in the circuit court by motion for new

trial, and, when so attempted, cannot be considered here.

Counsel for defendant, in his brief, states that the trial—

"was a rather loose trial which should entitle defendant to the benefit of all such objection and exception as under the record appears he might have asserted and which might have been saved by full and proper objection. We urge this particularly under 3 Comp. Laws 1929, § 17322."

That statute is a part of the criminal code, and reads:

"It shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved."

While the section is new in the statute, the idea is old in practice and long known to judges and lawyers. It does not serve the purpose sought by counsel.

After impaneling the jury and before taking testimony, the prosecutor asked leave to indorse two names on the information. Leave was granted, and an adjournment offered and declined. The court had power, upon proper showing, to allow the indorsements. 3 Comp. Laws 1929, § 17254; *People* v. *Blue,* 255 Mich. 675. The point urged against the indorsements cannot be considered because not alleged as error in the notice of appeal. Court Rule No. 59, § 3 (d) (1931), requires a statement of grounds for reversal, and provides:

"No other grounds or reasons shall be considered on the appeal except those so stated."

See *Parker* v. *Kettinger,* 257 Mich. 385, 389. One purpose of the rule is to give information to the nonappealing party, requisite to preparation of a complete record relative to points for review. Had the error been so alleged, the prosecutor's attention would have been called to the need of a full record on the subject, inclusive of the showing made, if any.

We find in the record a waif styled "Assignments of error not set forth in notice of appeal," and alleging error in denying the motion for a new trial and in permitting the names to be indorsed on the information. Such assignments cannot be considered. The old practice required the assignments of error to accompany the proposed bill of exceptions and the new practice requires the claimed errors to be stated in the notice of appeal.

The court was not in error in admitting testimony relative to defendant's participation in the commission of a similar previous offense for the purpose of its bearing upon his particular intent in the instance on trial. The court, by instruction, limited consideration to such purpose. 3 Comp. Laws 1929, § 17320, so provides and the rule has been repeatedly announced by this court. *People* v. *Henssler,* 48 Mich. 49; *People* v. *Wakely,* 62 Mich. 297; *People* v. *Summers,* 115 Mich. 537; *People* v. *Rice,* 206 Mich. 644; *People* v. *Di Pietro,* 214 Mich. 507; *People* v. *Crawford,* 218 Mich. 125.

At the close of the proofs in behalf of the prosecution, defendant's counsel moved for a directed verdict of not guilty, on the ground that intent to defraud and fraud accomplished had not been shown. The information set up the check and charged that it was for the sum of $50, of the value of $50, and obtained by defendant from the maker by false representations, made with intent to cheat and defraud.

Representations, inducing the making of the check, were designedly false. Defendant called for and received the check and the fraudulent purpose was consummated. The criminal character of the act is determined by the means used in obtaining the check. *People* v. *Lennox,* 106 Mich. 625; *People* v. *Lintz,* 251 Mich. 367.

The evidence presented issues of fact, the instruction stated the issues, and the verdict was fully justified. We find no reversible error. Conviction affirmed.

McDonald, C. J., and Clark, Potter, Sharpe, North, Fead, and Butzel, JJ., concurred.